```
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - -x
                                      :
VERLAINE MOMPOINT,                    :
                                      :
        Petitioner,                   :
                                      :
            - v. -                    :     3:03cv0346 (WWE)
                                      :
IMMIGRATION & NATURALIZATION          :
SERVICE,                              :
                                      :
        Respondent.                   :
                                      :
- - - - - - - - - - - - - - - - - - -x
```

**RESPONDENT'S MEMORANDUM OF LAW IN**
**OPPOSITION TO PETITIONER'S DETENTION CHALLENGE**

**Preliminary Statement**

Pursuant to the Court's October 17, 2003 Order, respondent, the Immigration and Naturalization Service ("INS"),[1] respectfully submits this memorandum of law in opposition to petitioner Verlaine Mompoint ("Mompoint" or "petitioner") challenge to his detention.

On May 10, 2002, Mompoint was ordered removed by an immigration judge ("IJ") in Hartford, Connecticut based upon his state conviction for burglary. By decision dated August 30, 2002, the Board of Immigration Appeals ("BIA") summarily affirmed the IJ's order of removal and dismissed the appeal. Mompoint brought a habeas petition in this Court challenging his final

---

[1] On March 1, 2003, the INS was abolished and its functions were transferred to three separate bureaus within the Department of Homeland Security ("DHS"). However, the Government will refer to the DHS as the INS so as to avoid any confusion.

order of removal. In response, on May 15, 2003, the Government filed it's opposition to the habeas petition. On or about July 14, 2003, Mompoint responded to the Government's opposition and raised a challenge to his current detention by INS. Because the INS is ready and able to deport Mompoint to his native Haiti at anytime, Mompoint continues to be lawfully detained pursuant to section 241 of the Immigration and Nationality Act of 1952, as amended ("INA" or "Act").

## Factual Background

**1. Mompoint's Criminal and Immigration History**

Mompoint's criminal and immigration history is set forth the in Government's brief dated May 15, 2003 and is incorporated by reference herein.

**2. Detention Under INA § 241**

Under INA § 241, the INS has a 90-day "removal period" in which to remove an alien subject to an administratively final removal order. See 8 U.S.C. § 1231(a)(1)(A) (Supp. IV 1998); Zadvydas, 533 U.S. at 683. A removal order becomes administratively final once an IJ enters an order of removal and either appeal to the BIA is waived or the BIA affirms the order, see 8 U.S.C. § 1101(a)(47)(B) (Supp. IV 1998) (defining administratively final removal order); 8 C.F.R. § 241.1 (2000) (same) -- an alien's detention is governed by INA § 241, 8 U.S.C. § 1231 (Supp. IV 1998). See also Zadvydas v. Davis, 533 U.S.

678, 701 (2001). During this 90-day period, specified categories of criminal aliens must be detained to ensure their removal from the United States. See 8 U.S.C. § 1231(a)(2) (Supp. IV 1998). The Supreme Court in Zadvydas held that once a final order of removal is entered the DHS is permitted to hold an alien in confinement up to six-months in order to effectuate the alien's removal from the United States. Zadvydas, 533 U.S. at 701. If after the six-month period has expired and the alien can prove that there is good reason to believe that removal is not likely, the burden then shifts to the Government to rebut that showing. Id.

## Point I

### MOMPOINT'S DETENTION CLAIM IS UNAVAILING AND SHOULD BE DENIED

Although Mompoint has been detained beyond the six-month reasonably presumptive period of time, INS is ready and able to expeditiously remove Mompoint to his native Haiti. The INS has deferred his deportation only because Mompoint has filed a habeas petition with this Court raising a challenge to his denial for relief under the Convention Against Torture. Unlike the case in Zadvydas, – where the Government was unable to remove the alien to his native country – here, the INS is prepared and able to deport Mompoint immediately. Accordingly, Mompoint has not sustained his burden to show that his removal is not likely and even if he did, the Government can remove him. Indeed, if

Mompoint wishes to be deported, INS will expeditously schedule his deportation from the United States.

## **Conclusion**

For the foregoing reasons, respondent respectfully requests that the Court deny Mompoint's detention challenge.

Dated:   New Haven, Connecticut
         November 12, 2003

                Respectfully submitted,

                KEVIN J. O'CONNOR
                United States Attorney for the
                District of Connecticut
                Attorney for Respondent

By:   ROBERT APPLETON
      Assistant United States Attorney

For:  _____
      KRISHNA R. PATEL (CT-24433)
      Assistant United States Attorney
      157 Church Street -- 23rd Floor
      New Haven, Connecticut 06510
      Telephone:  (203) 821-3753

**CERTIFICATE OF SERVICE**

    This is to certify that the foregoing Respondent's Memorandum of Law in Opposition to Petitioner's Detention Challenge was mailed prepaid-postage on November 12, 2003 to the following:

        Mompoint Verlaine
        #135384
        177 Weston Street
        Hartford, CT  06120


        By:  ROBERT APPLETON
              ASSISTANT UNITED STATES ATTORNEY

        For: KRISHNA R. PATEL
              ASSISTANT UNITED STATES ATTORNEY