```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT


VERLAINE MOMPOINT,              :      3:03cv346(WWE)
     Petitioner,                :
                                :
v.                              :
                                :
IMMIGRATION & NATURALIZATION    :
SERVICE,                        :
     Respondent.                :
```

### RULING ON PETITION FOR WRIT OF MANDAMUS

The petitioner, Verlaine Mompoint, brings this petition for a Writ of Mandamus, requesting to be immediately released "from custody until such time that the respondent I.N.S. is able to deport him or given reason otherwise."  The Court interprets this petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.  For the following reasons, the petition will be denied.

### FACTS

Petitioner entered the United States as an immigrant on April 15, 1971.  He has been convicted of at least eight burglaries in the United States.

The INS placed petitioner in removal proceedings as an alien convicted of an aggravated felony pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. Section 1227 (a)(2)(A)(iii).

At a removal hearing held before an Immigration Judge

1

("IJ"), petitioner claimed that he had derived United States citizenship, and through his attorney, he pursued a claim pursuant to the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The IJ found petitioner removable based on conviction of an aggravated felony.

In an August 30, 2002 decision, the Board of Immigration Appeals ("BIA") held that the IJ's decision ordering the petitioner removable was proper.

This petition was filed on February 26, 2003.

## DISCUSSION

The respondent argues that the petition should be denied because (1) petitioner is not entitled to relief under the CAT, (2) the district court lacks jurisdiction over any citizenship claim, and (3) petitioner is being lawfully detained.

### Eligibility for Relief Pursuant to the CAT

In order to establish eligibility for deferral of removal pursuant to the CAT, petitioner "must establish that there is greater than a fifty percent chance of being tortured upon return to his or her country of origin." Wang v. Ashcroft, 320 F. 3d 130, 144 n.20 (2d Cir. 2003). In Wang, the Second Circuit instructed that to constitute torture, an act must be specifically intended to inflict severe physical or mental

2

pain or suffering." The CAT defines "torture" as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining . . . information or a confession, punish[ment] . . . or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. Section 208.18(a)(1)(2002).

Upon review of the record, the Court determines that there is no evidence that establishes that petitioner would be intentionally tortured by government officials upon return to Haiti. Accordingly, the Court will deny the petition on the ground that petitioner is not eligible for relief pursuant to the CAT.

### Derivative Citizenship

The Court construes the petition to seek relief on the basis of his alleged derivative United States citizenship. However, the district court lacks jurisdiction over such a citizenship claim.

A petition for review of a BIA determination must be filed with the Court of Appeals within 30 days of that determination. 8 U.S.C. § 1252(b)(1). An untimely petition

will deprive the Court of Appeals of jurisdiction. <u>Malvoisin v. INS</u>, 268 F.3d 74, 75-76 (2d Cir. 2001).

A habeas petition filed in a district court that raises a claim to citizenship may be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631 in the interest of justice. The action is then allowed to proceed as if it had been filed in the proper forum. In this instance, the petition was filed more than 30 days after the BIA's August 30, 2002 decision, and therefore would not be considered timely filed even if this court were to transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.

<u>Unlawful Detention</u>

Petitioner challenges his continued detention by the respondent, arguing that it is unlawful pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678, 701 (2001).

According to <u>Zadvydas</u>, respondent is lawfully permitted to hold an alien in confinement up to six months after a final order of removal is entered. After the six month period and after an alien proves that there is good reason to believe that removal is not likely, respondent bears the burden to rebut that showing.

Here, petitioner has been detained beyond the six month reasonably presumptive period of time. However, respondent is ready and able to remove petitioner, and has deferred his

deportation only because he has filed this petition. Accordingly, petitioner cannot sustain his burden to show that his removal is not likely.  The petition will be denied on this basis.

## **CONCLUSION**

For the foregoing reasons, the petition is DENIED.  The clerk is instructed to enter judgment in favor of the respondent and to close this case.

_____
Warren W. Eginton, Senior U.S. District Judge


Dated at Bridgeport, Connecticut this \_\_\_ day of December, 2003.