```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - -x
                                  :
VERLAINE MOMPOINT,                :
                                  :
        Petitioner,               :
                                  :
           - v. -                 :    3:03cv0346 (WWE)
                                  :
IMMIGRATION & NATURALIZATION      :
SERVICE,                          :
                                  :
        Respondent.               :
                                  :
- - - - - - - - - - - - - - - - -x
```

**RESPONDENT'S MEMORANDUM OF LAW IN
OPPOSITION TO AMENDED PETITION AND MOTION FOR LEGAL DOCUMENTS**

**Preliminary Statement**

Respondent, the Immigration and Naturalization Service,[1] respectfully submits this memorandum of law in opposition to the amended petition and motion for legal documents filed by petitioner Verlaine Mompoint ("Mompoint" or "petitioner").

On December 3, 2003, this court issued a ruling denying petitioner's petition for a writ of habeas corpus. On December 11, 2003, a judgment issued in favor of Government. After the judgment issued, petitioner filed a motion to amend and expand arguments to include a claim pursuant to former section 212(c) of the Immigration and Nationality Act of 1952, as amended ("Act").

---

[1] On March 1, 2003, the INS was abolished and its functions were transferred to three separate bureaus within the Department of Homeland Security ("DHS"). However, because all pertinent documents in this case refer to the INS, the Government will refer to the DHS as the INS so as to avoid any confusion.

The Court ordered responses due no later than May 10, 2004. Four days prior to the due date for the response, the Court entered an order granting the motion to amend construing the motion as a motion for reconsideration. Petitioner subsequently filed another motion to receive all legal documents. The Court ordered responses to be due no later than July 14, 2004.

The Government files this response opposing both the amended habeas petition and the motion for legal documents. Petitioner's original habeas petition raised challenge to his detention, the denial of his claim under the Torture Convention and a claim of derivative citizenship. It did not raise a claim under former section 212(c). Accordingly, it is not clear how the amended petition can be construed to be a motion for reconsideration.[2] Moreover, for the reasons discussed below, the amended petition should be denied in its entirety.

**ARGUMENT**

**PETITIONER'S CLAIM FOR RELIEF UNDER**
**FORMER SECTION 212(C) RELIEF IS JURISDICTIONALLY BARRED**

Petitioner failed to raise his claim for relief under former section 212(c) to the Immigration Judge or the Board of

---

[2] It is also not clear how the motion to amend can be considered once a judgment has issued in the case. There is no indication that the Court's earlier judgment has been vacated sua sponte.

Immigration Appeals.[3]  Petitioner's failure to exhaust his administrative remedies bars him from raising the claim before this Court.  See Theodoropoulos v. INS, 358 F.3d 162, 171 (2d Cir. 2004) (exhaustion of administrative remedies is mandatory even when the challenge is raised through immigration habeas petition).

In addition, petitioner's 1997 burglary conviction bars him from section 212(c) relief.  See Ex. A 199.[4]  Section 212(c) relief had been repealed by section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, Title III-A, 110 Stat. 3009-546, 3009-597 (Sept. 30, 1996).  In INS v. St. Cyr, 553 US 289, 325 (2001) held that although relief under former section 212(c) was repealed by section 304(b) of IIRIRA, 110 Stat. 3009-597 (1996), section 212(c) relief nonetheless remains available to aliens in removal proceedings who entered guilty or nolo contendre pleas prior to the September 30, 1996 enactment of IIRIRA. As noted above, however, petitioner obtained his conviction after section 212(c) had been repealed and therefore former section 212(c) relief is not available to him.

---

[3]    See Exhibit A 1-27 to the Patel Declaration filed on May 16, 2004.  Exhibit A is a certified copy of the administrative record as certified by the Executive Office for Immigration Review.

[4] See supra fn. 3.

Finally, petitioner's motion for legal documents should also be denied. Exhibit A to the Government's declaration dated May 15, 2004 is a copy of the entire certified copy of the administrative record. This exhibit contains all of the documents relevant to petitioner's immigration hearing, including relevant criminal records. Moreover, petitioner has not identified what, if any, additional documents he seeks. Because these documents have already been provided to him and because he cannot seek 212(c) relief for the reasons discussed above, the motion should be denied.

## Conclusion

For the foregoing reasons, respondent respectfully requests that the Court dismiss the amended petition for writ of habeas corpus or the motion for reconsideration.

Dated:   New Haven, Connecticut
         July 14, 2004

                            Respectfully submitted,

                            KEVIN J. O'CONNOR
                            United States Attorney for the
                            District of Connecticut
                            Attorney for Respondent

         By:   _____
               KRISHNA R. PATEL (CT-24433)
               Assistant United States Attorney
               157 Church Street -- 23rd Floor
               New Haven, Connecticut 06510
               Telephone:  (203) 821-3753

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing was mailed, postage prepaid on July 14, 2004, to the following:

Verlaine Mompoint
#135384
177 Weston Street
Hartford, CT 06120

---

          KRISHNA R. PATEL
          ASSISTANT UNITED STATES ATTORNEY